**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| MAVERICK RECORDING COMPANY, *et al.*, § | |
| § | |
| § | |
| Plaintiffs, § | C.A. NO. SA07-CA0026 |
| § | |
| vs. § | |
| § | |
| WHITNEY HARPER, § | |
| § | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES

### Background:

This case is one of many thousands filed around the nation by the record and movie industry against thousands of individual computer users for alleged copyright infringement through the use of peer to peer file sharing software (P2P). The software, created by companies such as Napster, Kazaa, Lime Wire, Bit Torrent and many others was created to facilitate the transfer of information in a decentralized network over the internet. The owners and creators of these P2P software programs are currently being sued by, and some have settled with the plaintiffs'. There is no doubt that the networks created by P2P software have in the past, and continue to facilitate the improper infringement of the plaintiff's copyrighted materials.

The rapid evolution of internet communications and technology has created many problems for many industries. The ability to disseminate information across the internet has smashed the old business models of the print and broadcast media and is having a similar effect on the music and movie industry.

Internet communication technology has created many new problems for owners of copyrighted

materials. The music and movie industry now find themselves fighting the forces of electronic piracy that have haunted the software industry for decades. Where the software industry has adapted to the problem by various means of disabling pirated copies of their software, the entertainment industry has embarked on a two pronged litigation strategy under which they sue the creator of the software and also sue many thousands of the users of the software.

This is not the first time that the entertainment industry has found itself litigating its efforts to preserve obsolete business models. The RIAA and its affiliated entertainment industry groups unsuccessfully sought damages from Sony as a result of their introduction of the Betamax home video recorders. In the landmark 1984 Supreme Court case Sony Corp et. al. v. Universal City Studios (464 U.S. 417) the holders of copyrights were denied damages against Sony. This decision was modified in the Grokster case (545 U.S. 913) in which the creators of P2P software, who encouraged users to infringe copyrights, were permitted to be sued for secondary liability for such infringements.

Simultaneous to their litigation to halt or modify the distribution of P2P software, the plaintiffs have filed approximately 18,000 Federal lawsuits against individual users of these P2P networks, alleging intentional infringement of their copyrighted materials. Rather than seek to eliminate the P2P piracy problem through education of consumers and elimination of the offending software, the entertainment industry has decided to pursue litigation on a massive scale.

The "drift net" litigation technique chosen by the entertainment industry has resulted in many thousands of U.S. citizens being hailed into Federal Court for use of P2P software that they may not have understood or, in many cases, did not intentionally install on their computer.

## ANSWER

1.      Defendant can neither admit nor deny the allegations of paragraphs 1, 2 and 12 of the complaint, in that they are conclusions of law for the Court.

2. Defendant admits the allegations of paragraphs 3 and 9 (only to the extent that defendant resides in this district).

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 4, 5, 6, 7, 8, 11, and 14.

4. Defendant denies the allegations in paragraphs 10, 13, 15, 16, 17, and each and every remaining allegation of the complaint.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 5.1 NOTICE OF CONSTITUTIONAL CHALLENGE TO A FEDERAL STATUTE

5. Pursuant to Federal Rule of Civil Procedure 5.1, Defendant notifies this court of our intent to challenge the Constitutionality of the Federal Copyright Statutes as asserted by the Plaintiffs in this action.

6. Defendant requests that this Court certify this challenge of the Constitutionality of The Copyright Act (17 U.S.C.) with the United States Attorney General pursuant to 28 U.S.C. § 2403 and Federal Rule of Civil Procedure Rule 5.1 (b)

**Federal Rule of Civil Procedure 5.1.**

**Constitutional Challenge to a Statute - Notice, Certification, and Intervention**

**(a) Notice by a Party.**

**A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:**

**(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:**

**(A) a federal statute is questioned and neither the United States nor any of its agencies, officers, or employees is a party in an official capacity, or**

**(B) a state statute is questioned and neither the state nor any of its agencies, officers, or employees is a party in an official capacity; and**

**(2) serve the notice and paper on the Attorney General of the United States if a federal statute is challenged - or on the state attorney general if a state statute is challenged - either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.**

**(b) Certification by the Court.**

**The court must, under 28 U.S.C. § 2403, certify to the Attorney General of the United States that there is a constitutional challenge to a federal statute, or certify to the state attorney general that there is a constitutional challenge to a state statute.**

## FIRST AFFIRMATIVE DEFENSE

7. The complaint fails to state a claim upon which relief can be granted, in that among other things, the facts alleged therein do not constitute copyright infringement.

## SECOND AFFIRMATIVE DEFENSE

8. Defendant presents this motion to show authority to the plaintiffs. The defendant demands that plaintiff provide evidence of their claim to represent the artists and record companies as claimed in their pleadings. If plaintiff cannot or will not provide such evidence, the action should be dismissed on the ground that it is not being prosecuted in the name of the real parties in interest.

## THIRD AFFIRMATIVE DEFENSE

9. The provision for statutory damages in 17 U.S.C. § 504(c) is unconstitutional as applied to the facts of this action, in that the amount of $750 provided for therein is so grossly disproportionate to plaintiffs' actual damages, if any, as to violate the due process clauses of the fifth and fourteenth

amendments to the Constitution.

10.    Courts have recognized statutory damages to be punitive in nature, On Davis v. The Dan. Inc., 246 F.3d 152, 172 (2d Cir. 2001), statutory damages must necessarily have a reasonable relationship to the Plaintiffs' alleged actual damages caused by the alleged infringement (not some ephemeral speculation on the cause of lost CD sales). Peer Int'l Corp. v. Luna Records, Inc., 887 F.Supp. 560, 568 (S.D.N.Y 1995); RSO Records, Inc. v. Peri, 596 F.Supp. 849, 826 (S.D.N.Y. 1984); Dae Han Video Production. Inc. v. Chun, 1990 U. S. Dist. LEXIS 18496, *22 (D. Va. June 18, 1990).

11.    As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, 1524 (2003); uuu also Parker v. Time Warner Entertainment Co., 331 F. 3d 13, 22 (2nd Cir. 2003); In Re Napalm, Inc., 2005 WL 1287611, 77 U.S.P.Q. 2d 1833, 2005 Copr. L. Dec. P 29,020 (N.D. Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety."

12.    Pursuant to applicable law concerning the constitutionality of statutory damages, the Plaintiffs' recovery, if any, must necessarily have a reasonable relationship to the Plaintiffs' alleged actual damages caused by the alleged infringement

13.    The ratio of Plaintiffs' recovery, if any, to its actual damages must be limited such that the ratio and the recovery comport with due process.

14.    At the minimum, the Plaintiffs' recovery, if any, must not exceed nine (9) times the amount of their actual damages to so comport with due process and constitutional propriety.

15.    Defendant contends that the Plaintiffs' recovery, if any, must not exceed four (4) times the amount of their actual damages to so comport with due process and constitutional propriety.

16. For these reasons, this Court must limit Plaintiffs' recovery, if any, to a ratio that comports with due process and constitutional propriety.

## FOURTH AFFIRMATIVE DEFENSE

17. Plaintiffs' claims of infringement are barred by the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE

18. Plaintiffs' claims of infringement are barred by estoppel and/or acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

19. The complaint fails to satisfy the pleading requirements for a claim of copyright infringement, in that there can be no liability for infringing upon the right of distribution unless copies of copyrighted works are actually disseminated to members of the public. Defendant denies having disseminated any copies of any copyrighted works to any members of the public. Defendant demands proof that any of the alleged property was ever downloaded from any computer under their control.

## SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiffs' claims are barred under the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

21. Upon information and belief, the alleged conduct, had it occurred, was authorized; indeed, on information and belief, plaintiffs promoted, fostered and facilitated the actions complained of over the Internet and by other means.

## NINTH AFFIRMATIVE DEFENSE

22. The alleged claims are neither well-grounded in fact nor warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law within the meaning of Rule 11 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

23. The plaintiffs and their attorneys have engaged in a wide-ranging conspiracy to abuse the Courts of the United States, using our valuable federal legal system to flood thousands of lawsuits against thousands of individual computer users.

24. Defendant asserts as an affirmative defense that the Plaintiffs have been fully satisfied for any liability and damages arising from the alleged conduct of Defendant through their settlement with Sharman Networks, the creator of the Kazaa network.

25. Plaintiffs, by and through themselves, their representatives, and/or their agents, filed suit against Sharman Networks Ltd. and other related parties (collectively, "Sharman Networks") relating to the distribution and sale of the Peer-to-Peer (" P2P") platform, product, and network KaZaA (collectively, "KaZaA"), an online media distribution system.

26. Plaintiffs alleged that individuals used KaZaA ("KaZaA Users") to download and upload (or share) Plaintiffs' copyrighted sound recordings without their permission or license.

27. Upon information and belief, Plaintiffs alleged that Sharman Networks was liable to Plaintiffs for copyright infringement arising from the alleged infringing conduct of KaZaA Users.

28. Plaintiffs, by and through themselves, their representatives, and/or their agents, have entered into a settlement agreement with Sharman Networks in which Sharman Networks shall, upon information and belief, remit a settlement payment of $115,000,000.

29.     In this action, Plaintiffs have alleged that Defendant used an online media distribution system to infringe the copyrights of their copyrighted sound recordings and seek recovery of damages for alleged arising therefrom.

30.     Although Defendant denies the factual and legal allegations in Plaintiffs' Complaint, any recovery from Defendant for alleged copyright infringement arising from the use of KaZaA would be duplicative of the damages obtained from Sharman Networks.

31.     Although Defendant denies the factual and legal allegations in Plaintiffs' Complaint, defendants who have joined in or contributed to particular infringements of particular copyrighted works (such as those identified in Exhibit A and B of the Plaintiffs' Complaint) are jointly and severally liable for such copyright infringement. 17 U. S.C. § 504(c)(1); Fitzperald Publishine Co. v. Bavlor Publ. Co., 807 F.2d 1110 (2d Cit. 1986).

32.     Through the settlement with Sharman Networks, the Plaintiffs have elected to accept a settlement that fully compensates them for the injuries allegedly caused by Defendant, among others.

33.     The settlement with Sharman Networks bars Plaintiffs' ability to recover any damages from Defendant.

34.     The settlement with Sharman Networks fully satisfies any liability arising from the alleged conduct of Defendant.

35.     Plaintiffs have received satisfaction for any alleged injuries caused by Defendant through the settlement with Sharman Networks.

### ELEVENTH AFFIRMATIVE DEFENSE

36.     Defendant further asserts the affirmative defense of failure to join an indispensable party.

37. Defendant did not engage in any of the downloading and/or infringement alleged by plaintiffs. Simply put, defendant is not aware that any person or persons ever downloaded anything at all from her computer at any time.

38. Plaintiffs failed to include the individual(s) who allegedly engaged in the downloading in question and who is/are indispensable parties pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

39. Plaintiffs are aware that Lime Wire and other 'file-sharing' software being disseminated to the public was crafted by its creators to secretly create shared folders and share files without the knowledge or approval of computer users such as defendant and operates to entrap the unwary and unsophisticated computer users.

40. For these reasons, this matter should be dismissed with prejudice as to Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

41. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

42. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

43. Plaintiffs failed to mitigate their damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

44. Defendant did not intentionally or otherwise deprive or cause Plaintiffs to be deprived of any of their rights.

**SIXTEENTH AFFIRMATIVE DEFENSE**

45.     Defendant did not violate or cause the violation of any of Plaintiffs' rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

46.     Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which he did not specifically reply in the Answer to the Plaintiffs' Complaint

47.     Defendant reserves his right to plead additional defenses that may be identified during investigation and/or course of discovery.

WHEREFORE, defendant demands judgment in his favor dismissing the complaint with prejudice, and in his favor on his affirmative defenses, declaring that defendant did not infringe any of the exclusive rights of plaintiffs, granting legal fees and costs, and that plaintiffs have forfeited their exclusive rights by misuse of their copyrights, to the costs and disbursements of this action, including reasonable attorney's fees, and to such other relief as may be just.

**Defendant demands trial by jury.**

Respectfully submitted,

DATED:  2/27/2008                    By:  _____
Donald Scott Mackenzie
Attorney-in-Charge
State Bar No. 24030088
9603 White Rock Trail, Suite 205
Dallas, Texas  75238
Tel: 214-245-4625
Fax:  214-269-1439
dallaslaw@gmail.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 2/27/2008, a copy of the foregoing **Amended Answer** was served upon the Plaintiff via facsimile as follows:

Stacy R. Obenhaus AND Lisa L. Honey
Gardere Wynee Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201
Fax: 214.999.4667
*Attorney for Plaintiff*

2/27/2008

_____
Donald Scott Mackenzie

## CERTIFICATE OF CONFERENCE

    The undersigned hereby certifies that on 2/27/2008, counsel for Defendant spoke with national Counsel for Plaintiff and discussed the Amended Answer

2/27/2008

_____
Donald Scott Mackenzie