IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAVERICK RECORDING COMPANY | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 5:07-CV-026-XR |
| | § | |
| vs. | § | JUDGE XAVIER RODRIGUEZ |
| | § | |
| WHITNEY HARPER, | § | |
| | § | |
| Defendant. | § | |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs' Motion for Summary Judgment ("Motion," Doc. No. 48) demonstrated that Plaintiffs own or are licensees of exclusive copyrights in 38 specific sound recordings and that Defendant infringed Plaintiffs' copyrights in these sound recordings by using an online media distribution system to download and distribute these sound recordings to others on the Internet. Defendant's Response ("Response," Doc. No. 52) offers no evidence to dispute Plaintiffs' ownership of the thirty-eight (38) sound recordings. Nor does Defendant offer anything to dispute Plaintiffs' evidence of Defendant's downloading and distribution. In fact, Defendant has already admitted to (1) downloading and using an online media distribution system, (2) using this system to download and listen to music over her computer without paying for the recordings, and (3) creating the "whiterney" username in connection with iMesh. *See* Statement of Facts ("SOF") ¶¶ 5, 6, 9 (Doc. No. 48).

Instead, Defendant tries to defeat Plaintiffs' Motion by challenging Plaintiffs' evidence though she never denies liability. None of her arguments have any merit, and none can defeat Plaintiffs' Motion. First, Plaintiffs' evidence of ownership is both competent and undisputed. Second, copyright infringement is a strict liability offense, and Plaintiffs need not prove intent,

or even knowledge of infringement, to establish Defendant's liability. Third, Defendant admits to downloading twenty-three (23) of the sound recordings at issue in violation of Plaintiffs' reproduction right, which evidence is sufficient for summary judgment for these twenty-three (23) recordings. Additionally, the undisputed evidence establishes that Defendant also distributed all thirty-eight (38) sound recordings in violation of Plaintiffs' distribution right. Thus, the undisputed evidence establishes both Plaintiffs' ownership and Defendant's infringement of the thirty-eight (38) sound recordings at issue, and Plaintiffs are entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(e)(2); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

## ARGUMENT

**I.    Plaintiffs' Evidence of Ownership Is Both Competent And Undisputed.**

An "unsworn declaration constitutes competent summary judgment evidence [when] it was made from personal knowledge, set forth admissible facts, showed that [the declarant] was competent to testify, and was verified as true under penalty of perjury, thus meeting the requirements of Rule 56(e)(1) and 28 U.S.C. § 1746." *Hinojosa v. Johnson*, 2008 U.S. App. LEXIS 9542, *15 n.6 (5th Cir. May 1, 2008).[1]  For corporate representatives, the personal knowledge requirement of Rule 56 is satisfied if the statements reasonably fall within the declarant's "sphere of responsibility" as they relate to his or her corporate position. *DIRECTV Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005).

Here, each declaration specifically states that it was based on personal knowledge. *See* Jacobson Report at 7, ¶ 18 (Exhibit C to Pls' App. [Doc. No. 49-2]); Hardwick Decl. at ¶ 1

---

[1] 28 U.S.C. § 1746 states that an unsworn declaration will be treated "with like force and effect" to a sworn declaration where the declarant states: "I declare (or certify, verify, or state) under penalty or perjury that the foregoing is true and correct. Executed on (date). (Signature)."

(Exhibit E to Pls' App. [Doc. No. 49-3]); Cho Decl. at ¶ 2 (Exhibit K to Pls' App. [Doc. No. 49-6]; Palerm Decl. at ¶ 2 Exhibit L to Pls' App. [Doc. No. 49-6]); Pariser Decl. at ¶ 2 (Exhibit M to Pls' App. [Doc. No. 49-6]). Furthermore, each declarant states "under penalty or perjury" that their statements were "true and correct" in accordance with § 1746. *See* Jacobson Report at 10 (Ex. C); Hardwick Decl. at 4 (Ex. E); Cho Decl. at 3 (Ex. K); Palerm Decl. at 3 (Ex. L); Pariser Decl. at 3 (Ex. M). As a result, Defendant's contention that these unsworn declarations are not competent summary judgment evidence is without merit.

Furthermore, Defendant's assertion that the Cho, Palerm, and Pariser declarations fail to satisfy the personal knowledge requirement (Resp. at 3-4) is incorrect. Each declarant identifies their corporate position and states that they have knowledge of their company's copyrights, licensing practices, and business relationships. Cho Decl. at ¶¶ 1-2 (Ex. K); Palerm Decl. at ¶¶ 1-2 (Ex. L); Pariser Decl. at ¶¶ 1-2 (Ex. M). Such knowledge is clearly within each declarant's "sphere of responsibility" required to testify in connection with the ownership of the copyrights to their companies' sound recordings at issue in this case. *See DIRECTV*, 420 F.3d at 530.[2]

## II.     Defendant's Intent To Infringe Is Irrelevant.

Defendant's claim that she "did not intentionally violate any copyright laws" (Resp. at 6-9) is irrelevant because copyright infringement is a strict liability offense. Plaintiffs need not demonstrate Defendant's intent to infringe, or even knowledge of infringement, in order to prove copyright infringement. *Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000); *see also* cases cited in Motion at 12.

---

[2] Though Defendant raises the fact that Plaintiffs did not provide certified copies of the Certificates of Copyright, this has no bearing on Plaintiffs' ownership of the sound recordings. Defendant has not challenged the authenticity of the certificates, and Plaintiffs provided undisputed testimony that the sound recordings at issue (1) have been registered with the U.S. Copyright Office, and (2) were registered prior to the date of Defendant's infringement. *See* Cho Decl. at ¶ 5 (Ex. K); Palerm Decl. at ¶ 5 (Ex. L); Pariser Decl. at ¶ 5 (Ex. M).

To support her innocence theory, Defendant cites *Electra Entertainment Group Inc. v. McDowell*, 2007 WL 3286622 (M.D.Ga. Nov. 6, 2007). (Resp. at 8-9.) In *McDowell*, the Court found an issue of fact concerning whether the defendant in that case, a thirteen year-old, had access to the copyright notices provided by the plaintiffs under Section 504(c)(2) of the Copyright Act such that she might be entitled to a reduction in the minimum amount of statutory damages. *Id.* at *2. Defendant's reliance on *McDowell* is misplaced. First, even where it applies, the so called "innocent infringer" defense is not a defense to liability, but only allows a reduction in the amount of statutory damages. *See* 17 U.S.C. §§ 402(d), 504(c)(2). Second, where an infringer knew or "could have learned . . . that the music was under copyright," the infringer cannot claim a reduction in damages under Section 504(c)(2). *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) (refusing to reduce statutory damages and finding no question of access because the defendant "readily could have learned, had she inquired, that the music was under copyright"). Here, Defendant is not entitled to any reduction of statutory damages because it is undisputed that Plaintiffs provided proper notices of copyright under Sections 402(b) and (c) for the thirty-eight (38) sound recordings at issue (*see* Cho Decl. at ¶¶ 7-9 (Ex. K); Palerm Decl. at ¶¶ 7-9 (Ex. L); Pariser Decl. at ¶¶ 7-9 (Ex. M)), and that Defendant had access to such notices because she had her own CDs (*see* Whitney Harper Dep. 25:9-25, 26:1-2), could have gone to any local music store or online retailer, and knew or easily "could have learned . . . that the music was under copyright." *See Gonzalez*, 430 F.3d at 892.

**III.    Plaintiffs' Evidence, Including Defendant's Own Testimony, Shows Unauthorized Reproduction and Distribution of the 38 Copyrighted Sound Recordings.**

Plaintiffs' Motion, and the evidence cited therein, established that Defendant downloaded Plaintiffs' copyrighted sound recordings in violation of Plaintiffs' reproduction right (Motion at 14-16) and that Defendant distributed Plaintiffs' copyrighted sound recordings in violation of

Plaintiffs' distribution right (Motion at 17-20). In response, Defendant argues that Plaintiffs established infringement for six sound recordings and that these downloads constitute "the only evidence of any actual infringing." (Resp. at 9.) Defendant is wrong.

First, Defendant has conceded liability for downloading the six sound recordings listed on Exhibit A. (Resp. at 9, describing these six downloads as evidence of "actual infringing 'file-sharing' on the date in question.") Second, Defendant's own testimony establishes that she downloaded the seventeen (17) sound recordings listed on Schedule 1. Defendant admits that she listened to these seventeen (17) sound recordings on her computer through a P2P file-sharing program, that she never uploaded any of these songs to her computer from her own music collection, and that she never paid for copies of these sound recordings. (SOF ¶ 9.) As a result, Defendant has admitted that she downloaded hundreds of sound recordings, including twenty-three (23) of Plaintiffs' copyrighted sound recordings at issue, and at no time, including in her Response, has Defendant ever denied this unauthorized downloading. (*See id.*, regarding use of iMesh to listen to music necessitates downloading.) As to Defendant's claim that "[t]here is no evidence that any of the other files [other than these six sound recordings] were anything more than meaningless data," this assertion is directly contradicted by Plaintiffs' third-party investigator who initiated the download of every file (*Id.* ¶ 2), Plaintiffs' expert witness who reviewed the investigator's data showing that over 600 actual files were being shared (Jacobson Report at 7-8, ¶¶ 19-23, Ex. C), and by Defendant's own testimony that she listened to the twenty-three (23) sound recordings on the computer using an online file-sharing program (SOF ¶ 9). Third, Plaintiffs established that Defendant used the LimeWire file-sharing program to download hundreds of additional sound recordings, including fifteen (15) of Plaintiffs' copyrighted sound recordings. (*Id.* ¶¶ 16-17.) Defendant has not denied nor disputed this

evidence. Finally, in response to Plaintiffs' evidence (Motion at 17-20) that Defendant distributed hundreds of sound recordings using multiple peer-to-peer software programs, including all thirty-eight (38) of the sound recordings at issue, Defendant has not denied that she distributed Plaintiffs' sound recordings nor asserted any evidence to dispute this evidence.

Respectfully submitted,

By: */s/ Andrew B. Mohraz*
Andrew B. Mohraz
Federal ID No. 38065 (Colorado State Bar No.)
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80206-4541
Telephone: (303) 861-7000
Fax: (303) 866-0200
andrew.mohraz@hro.com

Stacy R. Obenhaus
State Bar No. 15161570
Daniel C. Scott
State Bar No. 24051316
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Tel: 214-999-3000
Fax: 214-999-4667
sobenhaus@gardere.com

OF COUNSEL:

Geoffrey H. Bracken
State Bar No. 02809750
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Tel: 713-276-5555

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Donald Scott Mackenzie
Attorney at Law
9603 White Rock Trail, Suite 324
Dallas, Texas 75238
dallaslaw@gmail.com

                                          /s/ *Andrew B. Mohraz*
                                          Andrew B. Mohraz