UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAVERICK RECORDING COMPANY; UMG RECORDINGS, INC.; ARISTA RECORDS LLC; WARNER BROS. RECORDS, INC.; and SONY BMG MUSIC ENTERTAINMENT | § § § § § § | |
| Plaintiffs, | § § | Cause No. 5:07-CV-026-XR |
| VS. | § § | |
| WHITNEY HARPER, | § § | |
| Defendant. | § § | |

**ORDER**

On this day, the Court considered Plaintiffs' motion for summary judgment (Docket No. 48) and accompanying exhibits (Docket No. 49), as well as Defendant's response (Docket No. 52) and Plaintiffs' reply (Docket No. 54). Jurisdiction is proper under 28 U.S.C. § 1338(a) because the claims in this action arise out of the Copyright Act of 1976. After careful consideration, the Court grants Plaintiffs' motion in part and denies the motion in part.

**I. Procedural Background**

On January 9, 2007, Plaintiffs Warner Brothers Records, Inc., Sony BMG Music Entertainment, Maverick Recording Company, UMG Recordings, Inc., and Arista Records LLC (collectively "Plaintiffs") filed a petition against Steve Harper alleging the copying and distribution of music recordings in violation of the Copyright Act of 1976 ("Copyright Act"). (Docket No. 1). During discovery, on December 14, 2007, Plaintiffs filed a motion to amend the complaint to add

1

Whitney Harper ("Defendant") as a defendant and dismiss Steve Harper, her father, from the suit. (Docket No. 33). The Court granted the motion on December 19, 2007, and Defendant was substituted for her father as a party to the suit. (Docket No. 34). Plaintiffs filed an amended complaint on December 27, 2007 to reflect the correct parties involved in the suit. (Docket No. 37). Defendant filed an answer to the complaint on February 13, 2008, followed by an amended answer filed with leave of the Court on February 27, 2008. (Docket Nos. 39, 44).

On May 12, 2008, Plaintiffs filed a motion for leave to file a second amended complaint; this motion was granted, and a second amended complaint was entered on June 9, 2008. (Docket Nos. 45, 51). The complaint requested an injunction ordering Defendant destroy all unlawful copies of Plaintiffs' recordings and cease infringing Plaintiffs' copyrights directly or indirectly. (Docket No. 51, at 4). Plaintiffs also requested statutory damages pursuant to 17 U.S.C. § 504, as well as costs and attorneys' fees. (*Id.*, at 4-5). The June 2008 complaint is the live pleading in the case at this time.

On May 30, 2008, Plaintiffs filed a motion for summary judgment and an appendix of exhibits. (Docket Nos. 48, 49). Plaintiffs requested that the Court grant summary judgment awarding an injunction against Defendant to prevent her from further violating Plaintiffs' copyrights. Additionally, Plaintiffs requested that the Court find that copyright infringement occurred with regard to thirty-nine of Plaintiffs' recordings and award statutory minimum damages of $750 per infringed work (total of $28,500). (Docket No. 48, at 2). On June 10, 2008, Defendant filed a response in opposition to summary judgment, including objections to certain exhibits presented by Plaintiffs in support of their motion. (Docket No. 52). Plaintiffs filed a reply on July 3, 2008. (Docket No. 54).

## II. Factual Background

Plaintiffs are recording companies that own or control rights to copyrights in sound recordings. (Docket No. 48, at 2). The sound recordings (collectively "Recordings") at issue for purposes of summary judgment are as follows:[1]

| Copyright Holder | Artist | Song Title | Album Title | SR # |
|---|---|---|---|---|
| Maverick Recording Company | Michelle Branch | You Get Me | The Spirit Room | 303-732 |
| UMG Recordings, Inc. | Ja Rule | 6 Feet Underground | Rule 3:36 | 270-080 |
| Arista Records LLC | Avril Lavigne | I'm With You | Let Go | 312-786 |
| UMG Recordings, Inc. | Counting Crows | Hanging Around | This Desert Life | 271-316 |
| Warner Bros. Records Inc. | Faith Hill | Just to Hear You Say That You Love Me | Faith | 253-752 |
| Sony BMG Music Entertainment | Indigo Girls | Closer to Fine | Indigo Girls | 101-524 |
| UMG Recordings Inc. | Counting Crows | Mr. Jones | August and Everything After | 172-267 |
| UMG Recordings Inc. | Vanessa Carlton | Ordinary Day | Be Not Nobody | 313-943 |
| Warner Bros. Records Inc. | Faith Hill | Beautiful | Cry | 321-377 |
| Warner Bros. Records Inc. | Madonna | Die Another Day | Die Another Day (single) | 314-662 |
| Sony BMG Music Entertainment | Good Charlotte | Little Things | Good Charlotte | 288-305 |
| UMG Recordings, Inc. | Counting Crows | American Girls | Hard Candy | 321-021 |
| Song BMG Music Entertainment | Jessica Simpson | Sweetest Sin | In This Skin | 378-700 |
| Sony BMG Music Entertainment | Jennifer Lopez | I'm Real (duet w/Ja Rule) | J. Lo. | 293-297 |
| UMG Recordings, Inc. | Musiq | Dontchange | Juslisen | 308-859 |

---

[1] In order to maintain consistency with the terms used in the pleadings and motions, the first six songs will be collectively referred to hereinafter as "Exhibit A." The subsequent seventeen songs will be collectively referred to hereinafter as "Schedule 1." The last sixteen songs will be collectively referred to hereinafter as "Exhibit C." (Docket No. 48, at 2; Docket No. 51, at 7, 9-10).

| | | | | |
|---|---|---|---|---|
| Arista Records LLC | Dido | White Flag | Life for Rent | 340-392 |
| Sony BMG Music Entertainment | John Mayer | Love Song for No One | Room for Squares | 305-049 |
| Warner Bros. Records Inc. | Fleetwood Mac | Dreams | Rumours | N39857 |
| UMG Recordings Inc. | The Police | Every Breath You Take | Synchronicity | 44-862 |
| Sony BMG Music Entertainment | Good Charlotte | Emotionaless | The Young and the Hopeless | 309-099 |
| Song BMG Music Entertainment | Jennifer Lopez feat. Styles/Jadakiss | Jenny From the Block | This is Me...Then | 322-106 |
| UMG Recordings Inc. | Hanson | Save Me | This Time Around | 280-547 |
| UMG Recordings Inc. | Diana Krall | Why Should I Care | Why Should I Care (single) | 265-006 |
| Arista Records LLC | Brooks & Dunn | Still in Love With You | Brand New Man | 140-290 |
| Arista Records LLC | Brooks & Dunn | She Used to be Mine | Hard Workin' Man | 168-005 |
| Arista Records LLC | Brooks & Dunn | My Maria | Borderline | 218-735 |
| Arista Records LLC | Phil Vassar | Just Another Day in Paradise | Phil Vassar | 284-145 |
| UMG Recordings, Inc. | Vanessa Carlton | A Thousand Miles | A Thousand Miles (single) | 306-656 |
| UMG Recordings, Inc. | Vanessa Carlton | Ordinary Day | Be Not Nobody | 313-943 |
| Sony BMG Music Entertainment | Howie Day | Collide | Stop All the World Now | 349-701 |
| UMG Recordings, Inc. | The Killers | Mr. Brightside | Hot Fuss | 355-962 |
| Warner Bros. Records Inc. | Green Day | American Idiot | American Idiot | 362-125 |
| Sony BMG Music Entertainment | Destiny's Child | Cater 2 U | Destiny Fulfilled | 363-786 |
| UMG Recordings, Inc. | Gwen Stefani | Hollaback Girl | Love.Angel.Music.Baby. | 364-759 |
| UMG Recordings, Inc. | 3 Doors Down | Let Me Go | Seventeen Days | 368-870 |
| UMG Recordings, Inc. | Lifehouse | You and Me | Lifehouse | 370-643 |
| UMG Recordings, Inc. | Mariah Carey | We Belong Together | The Emancipation of Mimi | 370-795 |
| Sony BMG Music Entertainment | Anna Nalick | In My Head | Wreck of the Day | 372-028 |
| Sony BMG Music Entertainment | Frankie J | How to Deal | The One | 377-949 |

On June 5, 2004, at 9:16 EDT, Plaintiffs' investigator, MediaSentry, detected an individual with the username "whiterney@fileshare" at Internet Protocol ("IP") address 24.174.166.204 using an online file sharing program to distribute Plaintiffs' copyrighted sound recordings. (Docket No. 48, at 3). The individual was distributing 544 digital audio files from a "shared" folder on the computer to other individuals on the file sharing network. (*Id.*). MediaSentry determined that Time Warner Cable was the internet provider that had given this IP address to one of its customers. (*Id.*).

Plaintiffs filed a "Doe" lawsuit and obtained a court order for expedited discovery to determine the identity of the account holder with the IP address 24.174.166.204. *Priority Records LLC, et al. v. Does 1-175*, No. 05-CV-3173 (S.D.N.Y. Mar. 24, 2005). In response to Plaintiffs' subpoena, Time Warner Cable identified Steve Harper as the subscriber responsible for the IP address in question as of June 5, 2004. (Docket No. 48, at 3). Subsequent conversations between Plaintiffs and Steve Harper determined that Defendant Whitney Harper was allegedly responsible for downloading audio files onto the computer. (*Id.*).

As part of its investigation on June 5, 2004, MediaSentry downloaded complete copies of the six audio files listed in Exhibit A. (Docket No. 48, at 4). In addition, MediaSentry initiated downloads of all 544 audio files in the "shared" folder to ensure that actual audio files existed in all cases. (*Id.*, at 6). All files were downloaded through the iMesh file sharing program. (*Id.*). Defendant stated that she did not remember using iMesh on the computer; however, she did admit that she used KaZaA, a file sharing program that uses Fasttrack, the same peer-to-peer network as iMesh. (*Id.*). MediaSentry captured metadata that showed the audio files listed in Exhibit A and Schedule 1 among the files available for download to other internet users from a shared folder on

Defendant's computer. (*Id.*).

On March 19, 2005, Windows was reinstalled on Defendant's computer. (Docket No. 48, at 7). The reinstallation resulted in most of the 544 files discovered in the original investigation being overwritten; however, some remnants of these files remained after the reinstallation was completed. (*Id.*). Plaintiffs completed a forensic investigation of Defendant's computer, which revealed that iMesh was installed on the computer and accessed through the username "whiterney." (*Id.*).

The forensic investigation also found file sharing programs KaZaA and LimeWire installed on the computer. (Docket No. 48, at 8). KaZaA had been removed from the computer prior to the March 19 reinstallation of Windows. (*Id.*, at 8). LimeWire was installed on the computer in July 2005. (*Id.*). The recordings contained in Exhibit C are audio files that were in one of the three shared folders used with the LimeWire file sharing program.

Defendant admitted that the Recordings may have been among audio files that she listened to on the computer. (Docket No. 49, Exhibit G). She testified that she did not copy these files from compact discs that she owned. (Docket No. 49, Exhibit H, at 41). During her deposition, Defendant testified that she used KaZaA to listen to sound recordings but did not know that she was downloading or distributing them. (*Id.*, at 68, 71, 81, 108). Defendant stated that she had "no reason to doubt" that her actions were "100% free and 100% legal" and that she believed programs like KaZaA "to be similar to online radio stations." (Docket No. 52, Affidavit of Whitney Harper).

Plaintiffs have produced registration certificates for each of the Recordings. (Docket No. 49, Exhibit J). Plaintiffs claim that the album cover of each recording contains a proper notice of copyright pursuant to 17 U.S.C. § 401. (Docket No. 51, at 3). Defendant did not have their

6

authorization to copy, download, or distribute any of the Recordings. (Docket No. 48, at 9). Plaintiffs further claim that Defendant had access to notice sufficient for her to know that her actions constituted infringement. (Docket No. 51, at 3).

### III. Motion for Summary Judgment

In their motion for summary judgment, Plaintiffs contend that they have provided sufficient evidence to establish that Defendant violated their copyrights on each of the Recordings. (Docket No. 48, at 10). They request minimum statutory damages of $750 for each Recording. (*Id.*). They also request an injunction to stop Defendant from further infringing their copyrights. (*Id.*).

In her response to the motion for summary judgment, Defendant contends that Plaintiffs have failed to prove that she intentionally infringed any copyrights. (Docket No. 52, at 6). She further contends that the summary judgment evidence, at the most, only establishes innocent infringement of the six recordings contained in Exhibit A because Plaintiffs have not proven that the other recordings were available for download. (*Id.*, at 9). In addition, Defendant challenges a number of exhibits included with Plaintiffs' motion, specifically declarations made by Plaintiffs' in-house attorneys, as inadmissable hearsay. (*Id.*, at 6).

### IV. Standard of Review

In order to grant summary judgment, a court must determine that there is no genuine issue of material fact that would warrant further proceedings. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, all reasonable doubts about factual evidence are construed in the light most favorable to the non-moving party. *Id.* at 255.

## V. Analysis

### Evidentiary Challenges

Before proceeding to the evidence of infringement, the Court is first required to address Defendant's objection to the supplemental declaration and expert report of Dr. Doug Jacobson.[2] (Docket No. 49, Exhibit C (hereinafter "Jacobson Declaration"). The Jacobson Declaration presents Jacobson's conclusions based upon the MediaSentry investigation and subsequent forensic examination of the computer, as well as a discussion of the methods used in arriving at those conclusions. (*Id.*). Attached to the Jacobson Declaration is a list of audio files that were recovered from the computer as part of the 2005 forensic examination. (Jacobson Declaration, Exhibit B). Defendant contends that the Jacobson Declaration is unauthenticated and therefore not competent summary judgment evidence. (Docket No. 52, at 2).

As provided for in 28 U.S.C. § 1746, when authentication of the statement of a witness is required, the authentication is acceptable if it includes a statement, signed and dated by the witness, declaring under penalty of perjury the truth and correctness of the statement. 28 U.S.C. §1746(2). The Jacobson Declaration includes such a statement. (Jacobson Declaration at 10) ("I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct. Executed this 30 [sic] day of April, 2008, at 10:45 AM."). The Jacobson Declaration is not to be excluded on the basis of authentication.[3] Defendant's objection in this regard is overruled.

---

[2] The Court notes that Defendant has also objected to Plaintiffs' summary judgment motion Exhibits A-B, D, and K-T. (Docket No. 52, at 2). However, since none of these Exhibits were considered by the Court in determining the merits of the motion for summary judgment, the Court elects not to rule on these objections.

[3] The Court notes that Defendant has not objected to Plaintiffs' summary judgment motion Exhibit E, the Declaration of Elizabeth Hardwick, and this Exhibit contains a substantively

## Infringement of Copyrights

According to the Copyright Act, "[a]nyone who violates the exclusive rights of the copyright owner . . . is an infringer[.]" 17 U.S.C. § 501(a). To establish copyright infringement, a plaintiff must establish both ownership of the copyright to the work in question and actionable copying of the work. *Galiano v. Harrah's Operating Co., Inc.*, 416 F.3d 411, 414 (5th Cir. 2005) (citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004)). Defendant does not challenge the fact that Plaintiffs are owners of the copyrights of the Recordings. Plaintiffs have presented the Court with copies of the copyright registration certificates for the Recordings. (Docket No. 48, Exhibit J). Presentation of these certificates establishes a prima facie case of copyright validity. *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). Defendant has not challenged the validity of these certificates or Plaintiffs' claim to own the copyrights in question. Therefore, the only remaining question is whether Plaintiffs have proven actionable copying of the Recordings.

Included among the exclusive rights of copyright holders are the rights to "reproduce the copyrighted work" and "distribute copies . . . of the copyrighted work." 17 U.S.C. §§ 106(1), 106(3). Proof that a defendant either reproduced or distributed a copyrighted work without the permission of the copyright holder is sufficient to constitute infringement. *Peel & Co., Inc. v. Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001). A defendant's intent to infringe is irrelevant under the law as far as proving that actionable infringement took place. *Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000).

Defendant argues that because MediaSentry only downloaded complete copies of the works

---

identical authentication statement. (Docket No. 48, Exhibit E, at 4).

contained in Exhibit A and did not download complete copies of any other works, she can be held liable for at most only six counts of infringement. (Docket No. 52, at 9). However, a complete download of a given work over a peer-to-peer network is not required for copyright infringement to occur. *See Warner Bros. Records, Inc. v. Payne*, No. W-06-CA-651, 2006 WL 2844415, at *3 (W.D. Tex. July 17, 2006) (finding that the presence of an audio file on a list available in KaZaA may be sufficient to constitute copyright infringement); *see also Interscope Records v. Duty*, No. 05CV3744-PHX-FJM, 2006 WL 988086, at *2 (D. Ariz. Apr. 14, 2006) ("[T]he mere presence of copyrighted sound recordings in [defendant's] share file may constitute infringement."). The fact that the Recordings were available for download is sufficient to violate Plaintiffs' exclusive rights of reproduction and distribution. It is not necessary to prove that all of the Recordings were actually downloaded; Plaintiffs need only prove that the Recordings were available for download due to Defendant's actions.

In this case, there is no genuine issue of material fact as to the files listed in Exhibit A. All parties involved have accepted that Defendant violated Plaintiffs' copyrights with regard to these six audio files. Plaintiffs are entitled to summary judgment on the six (6) recordings listed in Exhibit A.

With regards to the recordings contained in Schedule 1, Plaintiffs have introduced a declaration from Elizabeth Hardwick ("Hardwick"), a Project Manager for MediaSentry. (Docket No. 49, Exhibit E). In the declaration, Hardwick declares that Exhibit B attached to Plaintiffs' complaint ("Exhibit B") "is a true and correct copy of a compilation of screen shots captured by MediaSentry . . . showing the list of 544 audio files that this computer was distributing to others for download." (*Id.*, at 3). Defendant has not objected to the admissibility of Hardwick's declaration,

and Defendant has not brought forth credible summary judgment evidence refuting Hardwick's contention that all of the files listed in Exhibit B were available for download from her computer. Comparing the list of songs found at Exhibit B the list of songs from Schedule 1 for which Plaintiffs are requesting summary judgment with Exhibit B, the Court finds that all of the songs on Schedule 1 are present with one exception.[4] (Docket No. 1, Exhibit B; Docket No. 51, Schedule 1). Therefore, Plaintiffs are entitled to summary judgment on sixteen (16) of the works listed in Schedule 1.

Regarding the recordings listed in Exhibit C, Plaintiffs have introduced the Jacobson Declaration including an exhibit of the audio files recovered from Defendant's computer during the 2005 forensic examination. (Jacobson Declaration, Exhibit B). As discussed above, the Jacobson Declaration is competent summary judgment evidence. The list included with the Jacobson Declaration includes all the recordings contained in Exhibit C. (*Id.*, at 2, 7, 8, 12, 16, 17, 19, 21, 28, 30, 42, 48). Defendant has introduced no evidence questioning the authenticity of this list or suggesting that the recordings contained in Exhibit C were not on the computer. Plaintiffs are therefore entitled to summary judgment on fifteen (15) of the recordings from Exhibit C.[5]

**Damages**

Plaintiffs request the statutory minimum damages of $750 per work rather than a calculation

---

[4] Faith Hill's "Beautiful" (SR# 321-377) is not contained in the list at Exhibit B of the complaint. Therefore, the Court finds that there is still a genuine issue of material fact as to whether Defendant infringed the copyright on this work.

[5] Vanessa Carlton's "Ordinary Day" (SR# 313-943) is included on the list of recordings in both Schedule 1 and Exhibit C. Infringement is based upon the number of individual works infringed, not the number of infringements of a single work. *Mason v. Montgomery Data*, 967 F.2d 135, 144 n.11 (5th Cir. 1992) (citing *Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990). Therefore, Defendant is only liable for infringement of this recording once.

of actual damages. (Docket No. 48, at 21). Defendant contends that due to her age—sixteen years old at the time of the infringement—and technological experience, she did not intentionally violate Plaintiffs' copyrights and should therefore be considered at most an innocent infringer. (Docket No. 52, at 9).

The damages provision of the Copyright Act provides that a plaintiff may elect to seek minimum damages of $750 per work. 17 U.S.C. § 504(c)(1). However, it also provides that "where the infringer . . . was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2). The defendant has the burden to prove the lack of intent necessary for innocent infringement. *Id.*

As evidence of her "innocent" infringement, Defendant presents a signed affidavit stating that before the lawsuit, she "had no knowledge or understanding of file trading, online distribution networks or copyright infringement." (Docket No. 52, at 12). In addition, Defendant stated that "Kazaa and similar products did not inform me that the materials available through their service were stolen or abused copyrighted material and I had no way of learning this information prior to this lawsuit." (*Id.*, at 13). Plaintiffs contend that by complying with 17 U.S.C. § 402 and placing notices on each the containers and on the surface of the compact discs of the Recordings, they have provided notice such that Defendant could have learned that the Recordings were copyrighted. (Docket No. 54, at 4). This argument is not completely satisfactory. In this case, there were no compact discs with warnings.

The Copyright Act provides that "[I]f a notice of copyright . . . appears on the published phonorecord . . . to which a defendant had access, then no weight shall be given to such a

defendant's interposition of a defense based on innocent infringement" unless the infringement was believed to be fair use. 17 U.S.C. § 402(d). Although the Fifth Circuit has not addressed this issue directly, the Seventh Circuit has found that an innocent infringer defense did not apply in a case where the defendant "readily could have learned, had she inquired, that the music was under copyright." *BMG Music v. Gonzales*, 430 F.3d 888, 892 (7th Cir. 2005). Defendant, relying on *Electra Entertainment Group v. McDowell*, a case involving a thirteen-year-old girl, argues that her age and knowledge of technology alone should be sufficient to introduce a genuine issue of material fact as to innocent infringement. (Docket No. 52, at 8). The *McDowell* Court held that a genuine issue of material fact was present as to the defendant's access to the copyright notices. *See Electra Entertainment Group Inc. v. McDowell*, No. 4:06-CV-115 (CDL), 2007 WL 3286622, at *2 n.2 (M.D. Ga. Nov. 6, 2007).

Although proper notice was provided on the cover of each of the Recordings, a question remains as to whether Defendant knew the warnings on compact discs were applicable in this KaZaA setting. Defendant admitted that she owned compact discs. (Docket No. 49, Exhibit H, at 25). However, both in her affidavit and in her deposition, Defendant claimed that she believed using KaZaA and similar products to be akin to listening to radio over the internet and did not know that the Recordings were being either downloaded or distributed. (Docket No 49, Exhibit G, at 2; Docket No. 49, Exhibit H, at 68, 71; Docket No. 52, at 13). She further claimed that prior to this lawsuit, she did not have any understanding of copyright infringement. (Docket No. 52, at 12).

At the summary judgment stage, all factual disputes must be construed in the light most favorable to the non-moving party—in this case, Defendant. *Anderson*, 477 U.S. at 255. Defendant has the burden of proving by a preponderance of the evidence that her actions constituted innocent

infringement. 17 U.S.C. § 502(c)(2). Plaintiffs have not introduced any evidence to contradict that Defendant did not have an understanding of the nature of file-sharing programs and copyright sophisticated enough to have reason to know that her actions infringed Plaintiffs' copyrights. Therefore, the Court finds that a fact issue exists as to whether Defendant was an innocent infringer. The parties are ordered to advise the Court within ten days of this Order whether they will agree to a settlement of $200 per infringed work or whether a trial on the issue of damages will be necessary.

## Permanent Injunction

Plaintiffs request a permanent injunction to prevent Defendant from further infringing their copyrights. (Docket No. 48, at 23-27). Defendant has agreed to this injunction. (Docket No. 52, at 10). Under 17 U.S.C. § 502(a), any court having jurisdiction over copyright actions may issue permanent injunctions to prevent further copyright infringement. The Court will therefore enjoin Defendant from further file-sharing in accordance with the agreement of the parties.

## VI. Conclusion

For the foregoing reasons, the Court ORDERS the following:

Plaintiffs' motion for summary judgment (Docket No. 48) is GRANTED in part and DENIED in part.

Plaintiffs' proposed injunction is GRANTED. Defendant shall be and hereby is ENJOINED from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs'

Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

The parties are ORDERED to advise the Court within ten (10) days of this Order whether they will agree to a settlement of $200 per infringed work or whether a trial on the issue of damages will be required.

It is so ORDERED.

SIGNED this 7th day of August, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE