IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MAVERICK RECORDING COMPANY      §
                                §
    Plaintiffs,                 §
                                §    CIVIL ACTION NO. 5:07-CV-026-XR
                                §
    vs.                         §
                                §    JUDGE XAVIER RODRIGUEZ
                                §
WHITNEY HARPER,                 §
                                §
    Defendant.                  §

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S ORDER
GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs respectfully submit this motion for reconsideration of the Court's August 7,

2008 Order Granting in Part Plaintiffs' Motion for Summary Judgment ("Order," Doc. No. 55).

**INTRODUCTION**

Plaintiffs bring this Motion to address the one remaining issue in this case: the amount of

statutory damages to which Plaintiffs are entitled as a result of Defendant Whitney Harper's

("Defendant") infringement of Plaintiffs' copyrights.   In the Court's Order on summary

judgment, the Court found that "a fact issue exists as to whether Defendant was an innocent

infringer" and thus entitled to a reduction of statutory damages pursuant to Section 504(c)(2) of

the Copyright Act.  (Order at 14.)   As demonstrated below, under Section 402(d) of the

Copyright Act, Defendant is not entitled to a reduction in statutory damages as a matter of law.

First, under Section 402(d) of the Copyright Act, an infringer is not entitled to a Section

504(c)(2) reduction in statutory damages if he or she has access to copyrighted works bearing

proper notices of copyright.  Here, the Court's findings that (i) Plaintiffs placed proper notices of

copyright on each of the sound recordings at issue in accordance with Section 402, and

(ii) Defendant had access to the copyrighted works containing such notices (Order at 13), precludes any reduction in damages under Section 504(c)(2) as a matter of law.

Second, where a copyright plaintiff seeks minimum statutory damages under the Copyright Act, the question of Defendant's intent is not relevant to the issue of damages as a matter of law. Here, Plaintiffs' Motion for Summary Judgment seeks only minimum statutory damages for Defendant's infringement of Plaintiffs' copyrighted works. Therefore, the question of Defendant's intent or understanding is not relevant and cannot create a genuine issue of material fact that would preclude entry of judgment for minimum statutory damages for each work infringed.

For all of these reasons, as well as those set forth below, Plaintiffs ask the Court to reconsider that portion of its Order concerning the amount of damages to which Plaintiffs are entitled and enter judgment for Plaintiffs for minimum statutory damages for each work infringed.

## BACKGROUND

On August 7, 2008, the Court issued an Order granting, in part, Plaintiffs' Motion for Summary Judgment (Doc. No. 48). In the Order, the Court found that: (1) Plaintiffs owned the copyrights to the sound recordings at issue (Order at 9), and (2) that Defendant infringed Plaintiffs' exclusive rights under the Copyright Act in regards to 37 sound recordings at issue (*Id*. at 10-11). The Court also granted Plaintiffs' request for an injunction prohibiting Defendant from further violating Plaintiffs' copyrights. (*Id*. at 14-15.)

In considering the issue of statutory damages for Defendant's infringement of the 37 sound recordings, the Court found that "a fact issue exists as to whether Defendant was an innocent infringer." (*Id*. at 14.) In setting out its reasoning, the Court made several factual

findings relevant to the "innocent infringer" issue.  First, the Court found that "proper notice [of copyright] was provided on the cover of each of the Recordings."  (*Id*. at 13.)  Second, the Court found that Defendant "owned compact discs" which carried notices of copyright.  (*Id*. at 13.)  The Court, however, found that a question of fact "remains as to whether Defendant knew the warnings on compact discs were applicable in this KaZaA setting."  (*Id*.)  The Court based this finding on Defendant's claim that "she believed using KaZaA and similar products to be akin to listening to radio over the internet and did not know that the Recordings were being either downloaded or distributed."  (*Id*. at 13.)[1]

Based on the Court's findings on statutory damages, the Court ordered the parties to advise the Court whether they will agree to a settlement of $200 per infringed work or whether a trial on the issue of damages is required.  (*Id*. at 15.)[2]

## ARGUMENT

### I.      Standard of Review.

A motion for reconsideration aims to "correct a manifest error of fact or law . . .  [or to present] newly discovered or previously unavailable evidence."  *Garcia v. Dretke*, 2004 U.S. Dist. LEXIS 1372, at *4 (W.D. Tex. Jan. 29, 2004).

---

[1]    Though not directly relevant to the purely legal issue raised in this Motion for Reconsideration, it is worth noting that Defendant's claims regarding copyright on KaZaA are belied by the Terms of Use for KaZaA which explicitly instruct users to abide by the Copyright Laws.

[2]    Plaintiffs note that they have been attempting to settle this case since its inception without success.  In this respect, Plaintiffs have recently informed the Court that they believe a Court ordered settlement conference might be productive.

**II.    Defendant is Not Entitled to a Reduction in the Amount of Statutory Damages Under Section 504(c) of the Copyright Act.**

Plaintiffs respectfully submit that the Court committed a manifest error in law in finding that Section 504(c)(2) is applicable to this case.

Under Section 504(c)(1) of the Copyright Act, a copyright holder can choose to seek statutory damages instead of proving actual injury.   17 U.S.C. § 504(c)(1).   The appropriate statutory damages for non-willful infringement range from a minimum of $750 per work to a maximum of $30,000 per work.   *Id.*   When, as in the present case, a plaintiff elects statutory damages, it may not receive less than the minimum statutory damages amount specified in the Copyright Act for each infringed work, because courts are "constrained . . . by the specified maxima and minima" set forth in the Copyright Act.   *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (internal quotation marks and citation omitted).

Subject to the limitations set forth in Section 402(d), pursuant to Section 504(c)(2), a court, in its discretion, may reduce the award of statutory damages to a sum not less than $200 where an infringer establishes that she "was not aware *and had no reason to believe* that his or her acts constituted an infringement of copyright".   17 U.S.C. § 504(c)(2) (emphasis added); *see also BMG Music v. Gonzalez*, 430 F. 3d 888, 892 (7th Cir. 2005).   Section 402(d), however, expressly limits application of Section 504(c)(2) and bars any reduction in the minimum award when proper notice of a copyright to which Defendant had access is provided.   17 U.S.C. § 402(d).   Specifically, Section 402(d) provides in relevant part:

> **If a notice of copyright** in the form and position specified by this section appears on the published phonorecord or phonorecords **to which a defendant in a copyright suit** *had access***, then no weight shall be given to such a defendant's interposition of a defense based upon innocent infringement** in mitigation of actual                          or                          statutory                          damages.

17 U.S.C. § 402(d) (emphasis added).  As a leading copyright treatise explained, in discussing

the interaction between Sections 402(d) and 504(c)(2),

> **[W]hen a valid notice appears** on published copies or phonorecords **to which
> the defendant** in an infringement suit **had access, then no weight is given to
> that defendant's interposition of an innocent infringement defense** in
> mitigation of . . . statutory damages.

4-14 Nimmer on Copyright § 14.04[B][2][a] (emphasis added).  As Nimmer explains, the

rationale for including an "innocent infringer" mitigation of damages in the Copyright Act was to

encourage copyright holders to include notices of copyright on their copyrighted works.  *See* 2-7

Nimmer on Copyright § 7.02[C][3].

The relevant standard for application of Section 402(d) is whether an infringing

defendant had "access" to records or compact discs bearing the proper notice.  *See Gonzalez*, 430

F.3d at 892.  Importantly, the Seventh Circuit, in *Gonzalez*, specifically rejected Defendant's

argument that she was an "innocent infringer" because she did not know that Plaintiffs'

copyright notices applied to KaZaA.  As the Court explained, in the case of downloaded .mp3

files, it does not matter that an infringer "downloaded data rather than discs, and the data [may

have] lacked copyright notices, but the statutory question is whether 'access' to legitimate works

was available rather than whether infringers earlier in the chain attached copyright notices to the

pirated works."  *Id.*  As Judge Easterbrook, writing for a unanimous panel, observed:

> It is undisputed that BMG Music gave copyright notice as required . . . It is
> likewise undisputed that Gonzalez had "access" to records and compact disks
> bearing the proper notice.  She downloaded data rather than discs, and the data
> lacked copyright notices, but the statutory question is whether "access" to
> legitimate works was available rather than whether infringers earlier in the chain
> attached copyright notices to the pirated works.  Gonzalez readily could have
> learned, had she inquired, that the music was under copyright.

*Id.*

The same is true in this case.  Here, the Court found undisputed evidence that Plaintiffs placed proper copyright notices in accordance with Section 402 and that Defendant had access to Plaintiffs' works.  Indeed, the facts here demonstrate that Defendant had actual copies of Plaintiffs' legitimate works in her possession.  These undisputed facts establish that Defendant is precluded from seeking a reduction in damages under Section 504(c)(2) as a matter of law.  *See Gonzalez*, 430 F.3d at 892; *see also UMG Recordings, Inc. v. Cuccia*, 2007 U.S. Dist. LEXIS 57588, at *4 (W.D. Wis. Aug. 6, 2007) (rejecting the innocent infringement mitigation of damages in a similar case where defendant used KaZaA, finding "a defendant may not prevail on this argument when the copyright notice has been properly displayed on published copies of the recordings and defendant had access to these copies.")

Moreover, Defendant's lack of understanding of KaZaA is immaterial to Plaintiffs' request for minimum statutory damages.  A claim of "innocent" infringement of copyrights does not by itself entitle a defendant to the "innocent infringer" mitigation of statutory damages under Section 504(c)(2).  *See Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 464 (E.D. Pa. 1987) (despite the Court's finding that the defendant's infringement was not deliberate, "[w]e reject . . . the defendant's contention that he should be treated as an 'innocent' infringer").  The "innocent infringer" mitigation of statutory damages is reserved for cases where no copyright notices appear on a copyrighted work.  *See id.* at 464-65 (recognizing the infringed works as being "clearly marked as being copyrighted material"); *D.C. Comics, Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990).  As summarized by a leading copyright treatise:

> **Copyright proprietors using the prescribed notice [of copyright]** *will absolutely defeat a defense in an infringement action based on allegedly innocent infringement in mitigation of . . . statutory damages***, when such a defense is urged by a defendant who had access to the noticed copies or phonorecords.  Of course, that defense of innocent intent is highly**

6

> **circumscribed anyway, given that liability for copyright infringement requires no mental element.**

2-7 Nimmer on Copyright § 7.02[C][3] (emphasis added).

### III.    Where, as Here, Plaintiffs Seek Only Minimum Statutory Damages, Intent is Not Relevant.

In this case, Plaintiffs are seeking only minimum statutory damages of $750 per work. Where a copyright plaintiff seeks minimum statutory damages under the Copyright Act, the question of Defendant's intent is not relevant to the issue of damages as a matter of law. *See Gonzalez*, 430 F.3d at 892 (citing *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998), and holding that defendant not entitled to a trial on damages where plaintiffs requested minimum statutory damages of $750 per work); *Lava Records, LLC v. Ates*, 2006 U.S. Dist. LEXIS 46683, at *9 (W.D. La. July 11, 2006) (same); *Simpleville Music v. Mizell*, 451 F. Supp. 2d 1293, 1300 (M.D. Ala. 2006) (same); *Elektra Entertainment Group Inc. v. Brimley*, 2006 U.S. Dist. LEXIS 56798, at *7 (S.D. Ga. Aug. 15, 2006) (awarding minimum statutory damages of $750 per work despite defendant's claim that he "had no knowledge of the infringement" and upon gaining knowledge immediately stopped the infringing conduct, finding "knowledge of the infringement, however, is not an element of copyright infringement."); *Milene Music, Inc. v. Gotauco,* 551 F. Supp. 1288, 1296 (D.R.I. 1982) ("The amount of statutory damages is left to the discretion of the Court within the minimum and maximum amounts fixed by statute."  In determining where within the range of statutory damages, courts may consider whether "the infringement was willful and knowing, or whether it was accidental and innocent."); *Flyte Time Tunes v. BSB Inns, Ltd.,* 1990 U.S. Dist. LEXIS 9330, at *12 (N.D.N.Y. July 16, 1990) (finding defendant "lacked the requisite intent to increase the damage award much beyond the $250.00

minimum."[3]).  Here, Plaintiffs' Motion for Summary Judgment seeks only minimum statutory damages for Defendant's infringement of Plaintiffs' copyrighted works.  Therefore, the question of Defendant's intent or understanding is not relevant and cannot create a genuine issue of material fact that would preclude entry of judgment for minimum statutory damages for each work infringed.

## CONCLUSION

For all of these reasons, Plaintiffs ask the Court to reconsider that portion of its Order concerning the amount of damages to which Plaintiffs are entitled and enter judgment for Plaintiffs for minimum statutory damages of $750 for each of the 37 sound recordings infringed by Defendant.

---

[3]    This case was decided before the minimum statutory damages under the Copyright Act were increased to $750.00 per infringement.

Respectfully submitted,

By:   */s/ Stacy Obenhaus*
      Andrew B. Mohraz
      Federal ID No. 38065 (Colorado State Bar No.)
      Holme Roberts & Owen LLP
      1700 Lincoln Street, Suite 4100
      Denver, CO 80206-4541
      Telephone: (303) 861-7000
      Fax: (303) 866-0200
      andrew.mohraz@hro.com

      Stacy R. Obenhaus
      State Bar No. 15161570
      Daniel C. Scott
      State Bar No. 24051316
      Gardere Wynne Sewell LLP
      3000 Thanksgiving Tower
OF COUNSEL:      1601 Elm Street
      Dallas, Texas  75201-4761
Geoffrey H. Bracken      Tel: 214-999-3000
State Bar No. 02809750      Fax:  214-999-4667
1000 Louisiana, Suite 3400      sobenhaus@gardere.com
Houston, Texas  77002-5007
Tel: 713-276-5555      ATTORNEYS FOR PLAINTIFFS

9

**CERTIFICATE OF CONFERENCE**

This certifies that no conference has occurred because Plaintiffs' Motion for Reconsideration of Court's Order Granting In Part Plaintiffs' Motion for Summary Judgment is a dispositive motion. Pursuant to Local Rule CV-7(h), no conference is required for dispositive motions.

> */s/ Andrew B. Mohraz*_____
> Andrew B. Mohraz

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Donald Scott Mackenzie
Attorney at Law
9603 White Rock Trail, Suite 324
Dallas, Texas 75238
dallaslaw@gmail.com

> */s/ Stacy Obenhaus*_____
> Stacy R. Obenhaus

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAVERICK RECORDING COMPANY | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 5:07-CV-026-XR |
| | § | |
| vs. | § | JUDGE XAVIER RODRIGUEZ |
| | § | |
| WHITNEY HARPER, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING MOTION FOR RECONSIDERATION OF COURT'S ORDER
GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiffs' Motion For Reconsideration Of Court's Order Granting In Part Plaintiffs' Motion for Summary Judgment ("Motion"). Having considered the Motion, and finding good cause for the relief requested, the Court hereby GRANTS the Motion and VACATES the findings on damages as contained in the Court's August 7, 2008 Order (Doc. No. 55 at 11-14). Furthermore, the Court FINDS that Plaintiffs are entitled to an award of minimum statutory damages under the Copyright Act of $750 per infringement for each of Defendant's 37 infringements of Plaintiffs' copyrights. Accordingly, Plaintiffs are awarded statutory damages in the amount of $27,750.

SIGNED this _____ day of _____ 2008.

_____
HONORABLE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE